# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Leda Dunn Wettre |
| v. | : | Magistrate No. 20-13300 (LDW) |
| EVER MORALES-ALBARENGA,<br>  a/k/a "Ever Morales-Alvarenga,"<br>  a/k/a "Ever Morales" | : | **CRIMINAL COMPLAINT** |

I, Ian Patel, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief:

SEE ATTACHMENT A

I further state that I am a Deportation Officer with the United States Department of Homeland Security, Immigration and Customs Enforcement, and that this complaint is based on the following facts:

SEE ATTACHMENT B

_____
Ian Patel
Deportation Officer
Immigration and Customs Enforcement
U.S. Department of Homeland Security

Deportation Officer Ian Patel attested to this Affidavit by telephone pursuant to FRCP 4.1(b)(2)(A) on this 9th day of June, 2020 in the District of New Jersey.

HONORABLE LEDA DUNN WETTRE           _Leda Dunn Wettre_
UNITED STATES MAGISTRATE JUDGE         Signature of Judicial Officer

## **ATTACHMENT A**

On about a date on or after February 4, 2015 and on or before February 15, 2020, in Hudson County, in the District of New Jersey, and elsewhere, the defendant,

EVER MORALES-ALBARENGA,
a/k/a "Ever Morales-Alvarenga,"
a/k/a "Ever Morales,"

being an alien, and on or about February 15, 2020, having been deported and removed and departed from the United States while an order of removal was outstanding, did knowingly and voluntarily enter, attempt to enter, and was found in the United States without the Attorney General expressly consenting to the defendant's re-applying for admission to the United States prior to his re-embarkation at a place outside the United States.

In violation of Title 8, United States Code, Section 1326(a).

## **ATTACHMENT B**

I, Ian Patel, am a Deportation Officer with the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and items of evidence. Where statements of others are related herein, they are related in substance and part. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. The defendant, EVER MORALES-ALBARENGA, a/k/a "Ever Morales-Alvarenga," a/k/a "Ever Morales," (the "Defendant"), is a citizen of Honduras, and he neither is a citizen nor a national of the United States.

2. On or about January 31, 2015, the Defendant was arrested by the United States Border Patrol ("USBP") in Texas for illegally entering the United States. On or about the same day, the Defendant was ordered removed an immigration officer pursuant to Section 235(b)(1) of the Immigration and Nationality Act ("INA").

3. On or about February 4, 2015, the Defendant was removed from the United States to Honduras. Shortly before his removal from the United States on or about February 4, 2015, the Defendant was given notice that he was prohibited from entering the United States for a period of 5 years, and an official from ICE took a fingerprint from the Defendant.

4. At some point after his February 4, 2015 removal, the Defendant re-entered the United States without permission from either the Attorney General or the Secretary of Homeland Security.

5. On or about February 15, 2020, the Defendant was arrested by the West New York Police Department in New Jersey, for Domestic Violence/Simple Assault, in violation of Section 2C:12-1(a)(1) of the New Jersey Code of Criminal Justice ("NJCCJ"). This charge is presently pending.

6. On or about February 15, 2020, the Hudson County Prosecutor's Office in Hudson County, New Jersey, for committing various sexual assault related offenses, including but not limited to, Aggravated Sexual Assault – Victim Under the Age of 13, in violation Section 2C:14-2(a)(2)(c) of the NJCCJ. Those charges are presently pending.

7. On or about February 18, 2020, and while still in custody at the Hudson County Jail in connection with the State charges discussed in

paragraphs 5 and 6 above, the Defendant was encountered by immigration officers and an immigration detainer was lodged against him.

8. On or about March 19, 2020, the Defendant entered into the custody of ICE in New Jersey. On or about that same day, an official from ICE took a fingerprint from the Defendant.

9. A fingerprint taken from the Defendant from his deportation records for the February 4, 2015 removal were compared to the Defendant's fingerprint that was take on or about March 19, 2020 after he entered ICE's custody. All the fingerprints were found to be identical.

10. Prior to the Defendant's reentries into the United States, neither the Attorney General nor the Secretary of Homeland Security consented to the Defendant re-entering the United States. The Defendant also did not receive a waiver allowing him to re-enter the United States.